ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
KORNFIELD, PAUL & NYBERG, P.C.
1999 Harrison Street, Suite 2675
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669

Attorneys for Defendant Athanassios Katsioulas

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>AMMOCORE TECHNOLOGY INC.,<br><br>    Debtors.<br><br>CADENCE DESIGN SYSTEMS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ATHANASSIOS KATSIOULAS, an Individual; ATHANASSIOS KATSIOULAS And ALAN ARONOFF, as purported directors; AMMOCORE TECHNOLOGY, INC., a Delaware corporation; and MONTAGUE S. CLAYBROOK, as Chapter 7 Trustee,<br>    Defendant. | Case No. 07-mc-80200-SI<br>[Bankr. D. Del. No. 06-10318 (PJW); Adv. Proc. No. 07-50950]<br><br><br>DEFENDANT ATHANASSIOS KATSIOULAS' OPPOSITION TO PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED TO PERKINS COIE LLP AND PAUL LIPPE |
| | Date: September 28, 2007<br>Time: 9:00 a.m.<br>Ctrm:10, 19th Floor<br>United States District Court<br>450 Golden Gate Avenue, San Francisco, CA 94104 |

    Defendant Athanassios Katsioulas ("Katsioulas") submits the following opposition to Plaintiff Cadence Design Systems, Inc.'s motion to compel compliance with subpoenas issued to Perkins Coie LLP and Paul Lippe:

Defendant-Opposition-Plaintiffs-Motion-Compel

- 1 -

## I. INTRODUCTION

Plaintiff, Cadence Design Systems, Inc., has filed a motion seeking to compel production of certain documents as well as testimony from Paul Lippe of Perkins Coie LLP. Paul Lippe ("Lippe") was retained by Athanassios Katsioulas to provide legal services regarding several matters. One of the matters upon which Lippe was retained was to investigate dealings between Cadence Design Systems, Inc. ("Cadence") and AmmoCore Technology, Inc. ("AmmoCore") and to prepare a report of his findings.

Lippe conducted the investigation which he was retained to conduct, prepare a report (hereinafter the "Lippe Report") and the Lippe Report had been circulated to Cadence and its attorneys, the Board of Cadence, the AmmoCore stockholders, certain members of the press and the Chapter 7 Trustee of the bankruptcy estate of AmmoCore.

Cadence commenced an adversary proceeding against Katsioulas and others in the United States Bankruptcy Court in Delaware. Katsioulas and the Chapter 7 Bankruptcy Trustee both filed motions to dismiss the adversary proceeding primarily on the grounds that the Bankruptcy Court lack subject matter jurisdiction to adjudicate the claims asserted in the adversary proceeding. In connection with the adversary proceeding, the Bankruptcy Court has allowed limited discovery relating to the subject matter jurisdiction. In connection therewith, Cadence served a subpoena for production of documents on Lippe and his firm, Perkins Coie, LLP ("Perkins") and requiring Lippe to appear for a deposition. In response to the subpoenas, Perkins asserted various privileges on behalf of Katsioulas and Lippe asserted that he believed most if not all of the information sought by Cadence would be subject to the attorney-client privilege. Based upon Lippe's assertion of the attorney-client privilege, Cadence decided not to proceed with the deposition and subsequently filed the pending motion to compel.

Katsioulas believes that the motion to compel presents a rather straight forward issue for this court. Cadence contends that the dissemination of the Lippe Report constitutes an

unequivocal waiver of the attorney-client privilege that existed between Katsioulas and Lippe. Katsioulas contends that there has been no waiver of the attorney-client privilege because the Lippe Report was not a privileged document and therefore, the dissemination of that document could not effectuate a wavier of the attorney-client privilege between Katsioulas and Lippe.

Katsioulas concedes that if the Court concludes that the Lippe Report was in fact intended to be a privileged communication between Lippe and his client, that the attorney-client privilege relating to the Lippe Report has been waived by reason of the dissemination of the Report to parties other than Lippe's client.  However, Katsioulas reserves all objections and arguments with respect to relevance, the scope of production of documents related to the subject matter jurisdiction in connection with the adversary proceeding and the right to assert the attorney-client privilege related to other matters that Lippe provided legal services to Katsioulas.

**II.    STATEMENT OF FACTS**

Lippe is a partner at Perkins Coie, LLP.  Lippe has 23 years experience as a lawyer and has a license to practice in the State of California.

On July 15, 2006, Lippe was retained by Katsioulas.  Lippe's retention covered several areas, to wit: general corporate matters and to investigate the dealings between AmmoCore and Cadence.

As set forth above, one of the matters upon which Lippe was retained was to investigate the dealings between Cadence and AmmoCore and to prepare the Lippe Report of his findings. Lippe did investigate the dealings between AmmoCore and Cadence and prepared the Lippe Report.

As it is set forth in the declaration of Lippe filed in support of the opposition, it was never contemplated between Lippe and his client that the Lippe Report would be a confidential

document. To the contrary, it was always contemplated that the Lippe Report would be a document that would be prepared and disseminated to persons other than Lippe's client. For instance, Lippe prepared and provided a draft of the Lippe Report to Smith McKeithen who is the general counsel of Cadence for his review. Lippe also transmitted two versions of the Lippe Report to Tina Jones, who is another in-house lawyer at Cadence. Lippe also communicated with AmmoCore stockholders and with Monty Claybrook who is the Chapter 7 Trustee of the bankruptcy estate of AmmoCore regarding the investigation he was conducting and the Lippe Report that he would be preparing.

## III.  ARGUMENT

### A. THE VOLUNTARY DISCLOSURE TO THE LIPPE REPORT DID NOT EFFECTUATE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION.

#### 1.  Elements Of The Attorney-Client Privilege.

The elements of the attorney-client privilege are:

> "(1)[w]here legal advice of any kind of sought, (2) from a professional legal advisor and his capacity as such, (3) communications relating to that purpose, (4) or made in confidence, (5) by the client, (6) or at his instance permanently protected; (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." J. Wigmore, Evidence Section 2292, at 554 (McNaughton Rev. Ed. 1961).

Another formulation of the attorney-client privilege was set forth by Judge Wyzanski in the United States v. United States Machine Corp., 89 F. Supp. 357 (D. Mass. 1950), wherein the Court stated:

> "the privilege applies only if (1) the asserted holder of the privileged is or sought to become a client; (2) the person to whom the communication was made: (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed: (a) by his client (b) without the presence of

strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." 89 F. Supp. 357, 358-359

Based on the foregoing, it is axiomatic that in order for there to be an alleged waiver of the attorney-client privilege based upon disclosure of a communication or document, that the communication or document must first be one that is subject to the attorney-client privilege.

In the present case, Cadence provides the Court with no evidence, nor can it, that the Lippe Report was originally intended to be a confidential communication between Lippe and his client. The only fact that Cadence points to is the verbiage which appears on the Lippe Report indicating that it is an attorney-client privileged communication. However, as it is made clear by Lippe in his declaration, the Lippe Report was never intended to be a privileged communication. Lippe was an extremely seasoned lawyer with 23 years of experience and he would not have given what was supposed to be a confidential report to somebody other than his client and certainly would not have allowed his client to widely disseminate the report if it was meant to be a confidential communication between him and his client.

Other facts which show that neither Lippe nor his client intended or treated the Lippe Report as confidential communication are:

A. In an August 14, 2006 news item in the EE Times column, Alan Aronoff, one of the directors of AmmoCore, was quoted as saying, "We've chartered Paul Lippe to report on the condition of the debtor and to determine precisely how we ended

up in this position to begin with." Mr. Aronoff's comments to Richard Goering of EE Times, again, demonstrates the fact that the Lippe Report was always intended to be document which would be disseminated to persons or entities outside the circle of the attorney-client relationship. See Exhibit "A" to Katsioulas' declaration submitted herewith.

B. On October 5, 2006, Paul Lippe responded to an email by Montague Claybrook indicating that he has been investigating the condition of the Debtor, how it came to be in this condition, stated that his review was not yet complete and invited suggestions on how to proceed. Again, this demonstrates the fact that the Board of AmmoCore did no consider the Lippe Report to be privileged communication and intended to make the Lippe Report available to the Trustee. See Exhibit "B" to Katsioulas' declaration submitted herewith.

C. On October 25, 2006, Paul Lippe provided Smith McKeithen, general counsel at Cadence and Tina Jones, associate general counsel at Cadence, with a letter which informed Mr. McKeithen of the fact that Mr. Lippe was preparing a report regarding the dealings between Cadence and AmmoCore and Mr. Lippe desired to share his findings and conclusions with Mr. McKeithen and others at Cadence. See Exhibit "C" to Katsioulas' declaration submitted herewith.

D. On November 16, 2006, Lippe sent an email to Tina Jones, associate general counsel at Cadence. Attached to Mr. Lippe's email was a draft of the Lippe Report. The fact that the Lippe Report was provided to Cadence, again, demonstrates that it was never intended to be a confidential document. The only reference to confidentiality in Lippe's email refers to the fact that the Lippe

Report was being provided to Cadence as part of confidential settlement discussions and as a courtesy. The email also clearly states that the report may be subsequently disclosed to parties other than his clients. See Exhibit "D" to Katsioulas' declaration submitted herewith.

E. Subsequently, on December 13, 2006, Lippe sent another email to Tina Jones. In Lippe's December 13, 2006 email, Lippe informs Ms. Jones that he is providing a new copy of his Report to Cadence with further clarifications, "for a final time to invite comment and clarifications; we'd be happy to look at any counter-veiling arguments from your anti-trust counsel before releasing to shareholders and others." See Exhibit "E" to Katsioulas' declaration submitted herewith. Here again, Lippe clearly points out to Ms. Jones that the Lippe Report will be released to parties other than his clients and that the report was provided to Cadence as a courtesy and not as a waiver of the privilege as part of the ongoing settlement discussions.

Katsioulas asserts that it is clear from the above facts that the Lippe Report was never intended to be a privileged communication between Lippe and his clients. This contention is supported by the fact that AmmoCore was a Debtor in a Chapter 7 bankruptcy case when Lippe prepared the Lippe Report. By reason of the foregoing, the Chapter 7 Trustee in the AmmoCore bankruptcy case would be the only person that could utilize the information in the Lippe Report and it was always contemplated that the Lippe Report would be provided to the Trustee. The document was prepared with the intention of providing it to parties other than the client. Since the document was never a privileged communication, its dissemination cannot result in the waiver of the attorney-client privilege.

Defendant-Opposition-Plaintiffs-Motion-Compel

- 7 -

Several courts have ruled that when a legal opinion does not encompass confidences from the client on which legal advise is based, the court's will require disclosure of the attorney's opinion because it is not privileged.  See Data Central v. United States Dep't of Air Force, 184 U.S. App. D.C. 350, 566 F. 2d 242, 253 (Fed. Cir. 1977).  (Opinions of counsel which did not themselves disclose any information transmitted to the attorney by a client who is expecting that it will be kept confidential, were not protected by the attorney-client privilege.); In re Fischel, 557 F.2d 209, 212 (9th Cir. 1977).  (Attorneys summaries of the client's business transactions with third parties, prepared for the client, were held, over descent, not privileged because it did not reveal confidential client communications.)  The foregoing cases again show that the Lippe Report was not a privileged communication and therefore, its dissemination did not result in a waiver of the privilege.  Since the privilege is intact, Cadence is not entitled to production of documents that set forth communications between Lippe and his clients.

### 2. There Has Been No Waiver Of Any Work Product By Lippe.

As starting point, for the same reason there has been no waiver of the attorney-client privilege, there has also been no waiver of work product by Lippe.

## IV. CONCLUSION

For the reasons set forth above, it is respectfully asserted that there has been no waiver of the attorney-client privilege or work product by reason of the fact that the Lippe Report was never intended to be a confidential communication between Lippe and his client.  In order for there to be a waiver of the attorney-client privilege, there has to be a disclosure of a

1  communication or document which is protected by the attorney-client privilege.  In this case,

2  since the Report was never intended to be confidential, it dissemination cannot result in a waiver

3  of the attorney-client privilege.

Dated:  September 7, 2007                                KORNFIELD, PAUL & NYBERG, P.C.

By: <u>Eric A. Nyberg /s/</u>
    (Bar No. 131105)
    Attorneys for Defendant Athanassios Katsioulas

Defendant-Opposition-Plaintiffs-Motion-Compel

**DECLARATION OF SERVICE**

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1999 Harrison Street, Suite 2675, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Paul & Nyberg, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 7, 2007, I served the following document(s):

**DEFENDANT ATHANASSIOS KATSIOULAS' OPPOSITION TO PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED TO PERKINS COIE LLP AND PAUL LIPPE;**

**DECLARATION OF ATHANASSIOS KATSIOULAS IN SUPPORT OF OPPOSITION TO PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED TO PERKINS COIE LLP AND PAUL LIPPE; AND**

**DECLARATION OF PAUL LIPPE IN SUPPORT OF OPPOSITION TO PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED TO PERKINS COIE LLP AND PAUL LIPPE**

by placing copies of said document(s) in sealed envelope(s) and served in the manner or manners described below addressed as follows:

| | |
|---|---|
| Michael Sitzman, Esq. | Donna L. Harris, Esq. |
| Ethan D. Dettmer, Esq. | Pinckney Harris & Poppiti, LLC |
| Gibson, Dunn & Crutcher, LLP | 1000 N. West Street, Suite 1200 |
| One Montgomery Street | Wilmington, DE 19801 |
| San Francisco, CA 94104 | |
| | Robert J. Dehney, Esq. |
| | Morris, Nichols, Arsht & Tunnell |
| | 1201 N. Market Street |
| | P.O. Box 1347 |
| | Wilmington, DE 19899-1347 |

I placed such envelope(s) for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee(s) designated.

Defendant-Opposition-Plaintiffs-Motion-Compel

1     I declare under penalty of perjury that the foregoing is true and correct.  Executed this 7th
2 day of September, 2007 at Oakland, California.

                                                Gail Aviles /s/
                                                _____

Defendant-Opposition-Plaintiffs-Motion-Compel