ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
KORNFIELD, PAUL & NYBERG, P.C.
1999 Harrison Street, Suite 2675
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669

Attorneys for Defendant Athanassios Katsioulas

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>AMMOCORE TECHNOLOGY INC.,<br><br>    Debtors. | Case No. 07-mc-80200-SI<br>[Bankr. D. Del. No. 06-10318 (PJW);<br>Adv. Proc. No. 07-50950] |
| CADENCE DESIGN SYSTEMS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ATHANASSIOS KATSIOULAS, an Individual; ATHANASSIOS KATSIOULAS And ALAN ARONOFF, as purported directors; AMMOCORE TECHNOLOGY, INC., a Delaware corporation; and MONTAGUE S. CLAYBROOK, as Chapter 7 Trustee,<br>    Defendant. | DECLARATION OF PAUL LIPPE IN SUPPORT OF OPPOSITION TO PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED TO PERKINS COIE LLP AND PAUL LIPPE |
| | Date: September 28, 2007<br>Time: 9:00 a.m.<br>Ctrm: 10, 19th Floor<br>United States District Court<br>450 Golden Gate Avenue, San Francisco, CA 94104 |

I, Paul Lippe, declare as follows:

1. I am of Counsel in the law firm of Perkins Coie LLP.

Dec-Lippe.docl

- 1 -

2.      I know the following of my own personal knowledge and could and would testify competently thereto if called upon to do so.

3.      I have 23 years of experience as a lawyer, having been licensed in Colorado and California.

4.      On July 15, 2006, I was retained by Athanassios Katsioulas.

5.      I was retained to investigate the dealings between Cadence Design Systems, Inc., ("Cadence") and AmmoCore Technology, Inc., ("AmmoCore") and to prepare a report of my findings.

6.      Pursuant to my retention, I did in fact investigate the dealings between Cadence and AmmoCore and I did prepare a report of my findings.

7.      It was never contemplated between Mr. Katsioulas and I that the report of my findings would be a confidential document between myself and my client. To the contrary, it was always intended that my report would be made available to Cadence, the shareholders of AmmoCore, the press and the Trustee in the AmmoCore Bankruptcy case. My report was intended to be provided to Cadence in order to summarize the legal and factual basis for possible claims as a catalyst for discussing a settlement with Cadence of such possible claims.

8.      Confirming that the document was never intended to be confidential, but was intended to induce settlement discussions, I transmitted a copy of the report to Smith McKeithen, the General Counsel of Cadence for his review. Obviously, if the report had been meant for my client's eyes only, I would not have sent a copy of the document to anyone other than my client.

Dec-Lippe.docl

9. I also had several communications with Tina Jones, another in-house lawyer at Cadence regarding my report. Again, if I had been retained to prepare a confidential report for my client, I certainly would not have sent it to anyone other than my client.

10. To the best of my knowledge, I have never provided any document to Cadence and/or its lawyers that were intended to be a confidential communication between Mr. Katsioulas and myself. The only communication I provided to Cadence was the above-referenced report which was never intended to be confidential.

11. When the report was given to Cadence and its lawyers, it was marked that it was an attorney-client communication. In so marking the report and providing it to Cadence, I was intending there was no waiver of the attorney-client privilege of communications between Mr. Katsioulas and myself. In short, that language was placed on the report in an effort to avoid the very issue and argument that Cadence has now raised. I wanted to make sure that Cadence understood that there was no waiver of the privilege, but that no claim to privilege was being made with respect to the report which report was always intended to be provided to Cadence with the hope of producing a settlement dialogue.

12. It is my view that there has not been any waiver of the attorney-client privilege because there has not been any disclosure of privileged documents or communications and instead the conclusions set forth in the report were intended to produce a settlement dialogue, similar to a demand letter, a settlement proposal identifying the strengths of one's claims and the weaknesses of the other parties positions, a mediation brief or any of the myriad ways lawyers must communicate with their adversaries to seek negotiated resolutions of claims.

13. Perkins Coie, LLP remains willing to produce all non-privileged documents and I remain willing to provide testimony on non-privileged matters.

Dec-Lippe.docl

1  I declare under penalty of perjury that the foregoing is true and correct and that this
2  declaration was executed this 7th day of September, 2007 at San Francisco, California.

3
4
5                                                    By: Paul Lippe /s/
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dec-Lippe.docl

- 4 -