GIBSON, DUNN & CRUTCHER LLP
MICHAEL A. SITZMAN, SBN 156667
MSitzman@gibsondunn.com
ETHAN D. DETTMER, SBN 196046
EDettmer@gibsondunn.com
One Montgomery Street
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Plaintiff and Subpoenaing Party
CADENCE DESIGN SYSTEMS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>AMMOCORE TECHNOLOGY INC.,<br><br>Debtor.<br><br>CADENCE DESIGN SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>ATHANASSIOS KATSIOULAS, an individual; ATHANASSIOS KATSIOULAS and ALAN ARONOFF, as purported directors; AMMOCORE TECHNOLOGY INC., a Delaware corporation; and MONTAGUE S. CLAYBROOK, as Chapter 7 Trustee<br><br>Defendants | CASE NO. C 07 80200-MISC SI<br><br>[Bankr. D. Del. No. 06-10318 (PJW); Adv. Proc. No. 07-50950]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED TO PERKINS COIE LLP AND PAUL LIPPE** |

The motion of Plaintiff Cadence Design Systems, Inc. ("Cadence") to compel the compliance with subpoenas issued to Perkins Coie LLP and Paul Lippe, as counsel to Defendants Athanassios Katsioulas and the AmmoCore Technology, Inc.'s ("AmmoCore") Board of Directors (collectively, "Defendants") in the above-captioned matter, came for hearing before this Court on

September 28, 2007.  Counsel for Cadence and Defendants appeared.  The Court, having considered the moving, opposing and reply papers submitted in connection with the motion, the arguments of counsel, the Court's file and record in this matter, and good cause appearing therefor, enters its order as follows:

IT IS HEREBY ORDERED that Cadence's Motion to Compel Compliance With Subpoenas Issued To Perkins Coie, LLP and Paul Lippe is GRANTED, subject to the limitations set forth below.

This Court finds that the report drafted by Mr. Lippe concerning the potential claims that Mr. Katsioulas and the AmmoCore Board might bring against Cadence (the "Lippe Report"), which itself was stamped "ATTORNEY CLIENT PRIVILEGE," was intended to be protected by the attorney-client privilege and attorney work product doctrine.  When Defendants and/or Mr. Lippe distributed the Lippe Report to Cadence (along with its counsel, shareholders and directors) and to the press, and when Defendants filed the Lippe Report with the Bankruptcy Court in Delaware, the attorney-client privilege and work product protection was waived.  *See Electro Scientific Indus., Inc. v. General Scanning, Inc.*, 175 F.R.D. 539, 543 (N.D. Cal. 1997).

Mr. Lippe also prepared a PowerPoint presentation and other materials detailing the cost and value of the potential claims Mr. Katsioulas and the AmmoCore Board might bring against Cadence.  On behalf of the Defendants, Mr. Lippe shared that material with Cadence and its counsel, but has refused to produce those materials in response to the subpoenas on the grounds that the materials are privileged.

Defendants' foregoing actions are inconsistent with maintaining the attorney-client privilege and work product protection.  As a result of such actions, including the filing of the Lippe Report in the Delaware Bankruptcy Court as the basis of a motion to take depositions, Defendants have waived the attorney-client privilege and work product protection over the subject matter of the Lippe Report:  the investigation and analysis by Mr. Lippe and Perkins Coie LLP of Defendants' potential claims against Cadence.  *See Weil v. Investment/Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981).

Gibson, Dunn & Crutcher LLP

2

[PROPOSED] ORDER GRANTING PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED TO PERKINS COIE LLP AND PAUL LIPPE

At present, discovery in the above-entitled action is limited to whether the Delaware Bankruptcy Court has subject matter jurisdiction over Defendants' claims for declaratory relief. During oral argument, counsel for Defendants offered to produce all documents underlying the Lippe Report that had been withheld from production, the PowerPoint presentation and anything that Mr. Lippe or Perkins Coie LLP had in its possession, custody or control that was used, referenced or considered in connection with the preparation of the Lippe Report. The Court instructed counsel to provide those materials to Cadence by December 5, 2007.

To the extent not covered by the foregoing, Mr. Lippe and Perkins Coie LLP are HEREBY ORDERED to provide Cadence with all documents relating to the investigation and analysis of Defendants' potential claims against Cadence, including: (1) all communications between Mr. Lippe or Perkins Coie LLP and Mr. Katsioulas or anyone else acting on behalf of AmmoCore concerning the investigation, analysis and assertion of potential claims against Cadence; and (2) all presentations concerning the investigation and analysis of potential claims against Cadence prepared and/or delivered by Mr. Lippe to Cadence.

IT IS FURTHER ORDERED that Mr. Lippe shall appear and attend a deposition as set forth in the subject subpoena at a mutually convenient date and time within 30 days of this Order. No privilege objection or instruction shall be permitted with regard to any question or answer concerning the investigation, analysis and assertion of potential claims against Cadence.

DATED: October __, 2007

The Honorable Susan Illston  
United States District Court Judge

100314456_6.DOC

Gibson, Dunn & Crutcher LLP

3

[PROPOSED] ORDER GRANTING PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED TO PERKINS COIE LLP AND PAUL LIPPE